IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN DAVID LATIMER, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. §2255 |
| | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:18-CR-278-MHC-JKL |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:21-CV-2369-MHC-JKL |

**FINAL REPORT AND RECOMMENDATION**

Movant John David Latimer has filed the instant *pro se* motion to vacate pursuant to 28 U.S.C. §2255, and seeks to challenge his convictions and sentences following his guilty plea in the Northern District of Georgia. (Doc. 75).

### I.     FACTUAL AND PROCEDURAL HISTORY

**A.     Factual History**

On January 19, 2018, an FBI task force officer ("TFO") conducting an undercover investigation located a device that was sharing child pornography on the BitTorrent file sharing network.[1] (PSR ¶8; Doc. 52 ("Plea Tr.") at 12-16). Using an investigative software program, the TFO downloaded twenty photos and videos that the device was making available, which depicted an adult male performing sexual

---

[1]     BitTorrent is a "peer-to-peer file-sharing program." *United States v. Hill*, 853 F. App'x 351, 352 (11th Cir. 2021).

acts with the same female child. (PSR ¶¶8, 9; Plea Tr. at 12-16; Doc. 79-1 at ¶¶29-31).

Investigators traced the Internet Protocol ("IP") address of the device to the subscriber "Clayton Auto Services, Inc." (PSR ¶10; Doc. 79-1 at ¶¶32-33). Agents interviewed employees at Clayton Auto Services, including Movant, all of whom denied downloading child pornography while at work and said that they had not witnessed others doing so. (PSR ¶11; Doc. 79-1 at ¶¶34-35). The next day, one of the employees contacted the FBI with additional information, and described instances where Movant used his laptop to show the employee child pornography at work, and during a subsequent interview another employee also indicated that he or she had witnessed Movant using the laptop at work. (PSR ¶¶12-13; Doc. 79-1 at ¶¶36-42, 47).

Thereafter, the FBI executed a search warrant at Movant's home where they seized several electronic devices, including an external hard drive. (PSR ¶14; Plea Tr. at 12; Doc. 79-1 at 31-35). Movant was present during the search and admitted that he owned the seized external hard drive, that it contained child pornography, and that he had been downloading child pornography for years. (PSR ¶15; Plea Tr. at 13). After conducting a forensic examination of the hard drive, agents found 5,661 images and 134 videos of child pornography, including videos Movant produced of himself sexually abusing his two-year old daughter. (PSR ¶¶16-18; Plea Tr. at 13-

15). One of the images and a video depicted Movant's daughter lying nude on her back and Movant inserting his finger into her vagina. (PSR ¶18; Plea Tr. at 14). Another image and video shows Movant inserting his penis into her vagina. (PSR ¶18; Plea Tr. at 14).

FBI Agents arrested Movant and interviewed him. (PSR ¶20). Movant admitted to having sexual contact with his daughter for several years before his arrest. (*Id.*). Movant then stated that he had sexual contact with her "a couple of times" and that he used his phone to record it. (*Id.*). According to Movant, he only rubbed his penis against his daughter's vagina, and denied ever inserting his finger. (*Id.*).

**B.     Procedural History**

On July 17, 2018, a grand jury returned an indictment against Movant and charged him with sexual exploitation of a child and possession of child pornography. (Doc. 19). While represented by Regina Cannon,[2] Movant entered a non-negotiated plea to both charges on June 21, 2019. (Plea Tr.; Doc. 37-1).

During the plea colloquy, the Government set forth the evidence that the Government would show at trial. (Plea Tr. at 12-15). When the District Judge asked Movant whether he agreed with the Government's summary of the evidence, Movant

---

[2]     Regina Cannon had been with the Federal Public Defender Program for nearly twenty years before being sworn in as Magistrate Judge on this Court in February of 2020.

again denied that there was any insertion. (*Id.* at 15). He did, however, acknowledge that he persuaded, induced, and enticed a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, as alleged in Count One of the indictment. (*Id*. at 15-16). Movant also acknowledged that he possessed at least one visual depiction of a prepubescent minor and at least one minor who was younger than twelve engaged in sexually explicit conduct, as alleged in Count Two. (*Id.* at 16).

The PSR calculated Movant's criminal history as a Category III, which was Movant's only objection to the PSR. (PSR ¶65; Doc. 53 ("Sentencing Tr.") at 3). Specifically, Movant argued that his criminal history was overstated and that it should have been designated as a Category II. (PSR ¶65; Sentencing Tr. at 6-7). The District Court overruled Movant's objection and noted that the guideline calculation would be the same for either criminal history category, which was life imprisonment. (Sentencing Tr. at 7-8, 15).

The Government recommended a sentence of 300 months, which was below the guidelines and the statutory maximum, and argued that the sentence appropriately addressed the factors the Court should take into consideration pursuant to 18 U.S.C. §3553(a). (*Id.* at 17-21). Movant requested that he be sentenced to fifteen years. (*Id.* at 22).

The Court went through the §3553(a) factors, considered the severity of Movant's offense – sexually molesting his own two-year old daughter to produce child pornography to share with others, as well as possessing 5,661 images and 134 videos of adult males sexually abusing young girls – as well as mitigating factors, including his background and acceptance of responsibility, avoiding disparity of sentences, reflecting the seriousness of the offense, and deterrence. (Sentencing Tr. at 40-46); *United States v. Latimer*, 828 F. App'x 673, 674 (11th Cir. 2020) ("*Latimer II*"). After weighing those factors, the Court sentenced Movant to a net total of 300 months, to be followed by a life term of supervised release.[3] (Sentencing Tr. at 46-47; Docs. 42, 66).

On May 8, 2019, Movant filed a notice of appeal [Doc. 44], which the Eleventh Circuit dismissed as untimely. *United States v. Latimer*, No. 19-11823DD (11th Cir. Oct. 10, 2019) [Doc. 56] ("*Latimer I*"). Movant filed a motion to vacate his sentence under 28 U.S.C. §2255 in this Court on February 11, 2020, and raised the sole claim that counsel did not file an appeal after he asked her to do so. (Doc. 59). As a result of this claim, the Government filed a consent motion on April 2, 2020, which requested that the Court rescind its February 21, 2019, judgment to

---

[3] Specifically, the Court sentenced Movant to 300 months on Count 1 and a concurrent sentence of sixty months for Count 2.

allow Movant additional time to file an appeal. (Doc. 63). The Court granted the §2255 motion for the sole purpose of reinstating Movant's appeal rights. (Doc. 65).

Movant filed an appeal with the Eleventh Circuit, and argued that his sentence was substantively unreasonable because the Court did not correctly weigh the §3553 factors and did not adequately consider mitigating evidence, and because Movant's sentence created an unwarranted sentencing disparity. *Latimer II*, 828 F. App'x at 674. On October 1, 2020, the Eleventh Circuit rejected Movant's arguments and affirmed his sentence. *Id.*

Movant executed this §2255 motion on June 1, 2021, and raises the following claims for relief:

(1) the evidence used against him was obtained improperly because the search warrant was based strictly on hearsay from a disgruntled worker;

(2) counsel was ineffective for failing to object to the PSR, which was "slap full of mistakes," thus resulting in a twenty-five year sentence on "false information";

(3) he was sentenced for more than five thousand photos and videos which had been deleted for quite some time before the FBI got a "ping" from someone downloading child pornography from his work's open Wi-Fi, he had no connection with the FBI's initial investigation, and he was sentenced for two pictures of a terrible mistake; and

(4) although there was no sexual intercourse or bodily harm, he was sentenced for sexual assault of a toddler although he was not charged for that crime, and his sentence was based off of emotions and not the facts.

(Doc. 1).  For the following reasons, I **RECOMMEND** that the instant §2255 motion be **DENIED**.

## II.  STANDARD OF REVIEW

Congress enacted §2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990).  Pursuant to §2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Id.* (citations omitted).  *See generally United States v. Hayman*, 342 U.S. 205 (1952).

"[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982).  Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."  *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

The Court should order an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." As

7

discussed below, Movant's §2255 motion and the record in this case conclusively show that he is not entitled to relief in connection with his claims. Thus, no evidentiary hearing is required.

### III.   ANALYSIS

**A.   <u>Movant Cannot Challenge The Search Warrant.</u>**

In Ground One, Movant claims that the evidence against him was not properly obtained because the search warrant relied strictly on hearsay from a disgruntled employee.[4]  Movant, however, waived his right to challenge the search warrant, as "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *accord United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008); *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) (per curiam).  Movant, therefore, is not entitled to relief in connection with Ground One.

---

[4]   It is clear from the record that the warrant was a result of much more than simply hearsay from a co-worker.  Regardless, even if Movant's allegations were true, hearsay may, in fact, be the basis for a search warrant.  *See United States v. Akel*, 337 F. App'x 843, 857 (11th Cir. 2009).

**B.     Movant Has Not Demonstrated That Counsel Was Ineffective.**

    1.     Ineffective Assistance Of Counsel Standard

The standard for evaluating ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson*, 595 F.3d 1245, 1239 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 688). To establish deficiency, a petitioner is required to establish that "counsel's representation 'fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). To establish prejudice, a petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 750 (11th Cir. 2010).

"An attorney's performance is not deficient in hindsight just because he or she made one choice versus another." *Scott v. United States*, 890 F.3d 1239, 1259 (11th Cir. 2018); *see also Willis v. Newsome*, 771 F.2d 1445, 1447 (11th Cir. 1985) ("Tactical decisions do not render assistance ineffective merely because in retrospect it is apparent that counsel chose the wrong course."). An ineffective assistance claim should be examined based on the "'totality of the circumstances[,]'" *McCoy v.*

9

*Newsome*, 953 F.2d 1252, 1262 (11th Cir. 1992) (citations omitted), and the court may "dispose of [the] ineffectiveness claim[] on either of its two grounds," *Atkins v. Singletary*, 965 F.2d 952, 959 (11th Cir. 1992); *see also Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

*Strickland*'s two-pronged test applies to counsel's representation of a defendant in connection with a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To demonstrate counsel's ineffective assistance after entering a plea, the Movant must show that his "counsel's constitutionally ineffective performance affected the outcome of the plea process[,]" *id.* at 59, by "convinc[ing] the court that a decision to reject the plea bargain would have been rational under the circumstances," *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). *See also Jackson v. United States*, 463 F. App'x 833, 835 (11th Cir. 2012) ("If [the movant] cannot establish both that counsel misadvised him and that a decision not to plead guilty would have been rational, his claim that his guilty plea was not knowing and voluntary due to counsel's ineffectiveness will fail."). "[A] petitioner's bare allegation that he would not have pleaded guilty is insufficient to establish prejudice under *Strickland*." *Roach v. Roberts*, 373 F. App'x 983, 985 (11th Cir. 2010) (per curiam) (citation omitted).

10

    2.    <u>Ground Two Has No Merit.</u>

Movant claims in Ground Two that the PSR was "slap full of mistakes," that there was only one paragraph in the entire PSR that does not contain an error, and that now he is "doing 25 years on false information." Movant, however, provides no details whatsoever to substantiate his allegations, and his conclusory statements are simply insufficient to state an ineffective assistance of counsel claim. *See Skillern v. United States*, No. 20-13380-H, 2021 WL 3047004, at *6 (11th Cir. Apr. 16, 2021) ("A petitioner's conclusory statements, unsupported by specific facts or by the record, are insufficient to state a claim for ineffective assistance of counsel in a collateral proceeding."); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'") (citation omitted).[5]

Moreover, the evidence against Movant was overwhelming. That evidence included: videos and photographs that depicted Movant sexually molesting his own

---

[5] The only concrete, albeit vague, example of alleged error in the PSR that Movant provides is the "entire first page" discussing the investigation, "especially all of the 'Kait 5 yo' business." (Doc. 75 at 5). According to Movant, the reference to videos and photos of Kait have "absolutely nothing to do with" him and there is nothing connecting him to those images. (*Id.*). The PSR provides that those images and videos, however, were part of a series that the device with his workplace IP address was making available on the BitTorrent website, which led the FBI agents to interview his coworkers and discover that he had used the IP address to share child pornography. (PSR ¶¶8-9).

11

two-year old daughter; his admission that he had sexual contact with his daughter and recorded it on his telephone; and 5,661 images and 134 videos of other adult males sexually abusing young girls contained on his external hard drive, to which he admitted possessing. On this record, counsel's strategy to have Movant accept responsibility and receive a lower sentence than he likely would have received had he proceeded to trial certainly was a reasonable professional decision.

And Movant has not demonstrated how the outcome would have been different but for counsel's failure to correct the alleged mistakes in the PSR, especially because he has not provided all of the mistakes he claims the PSR contained. Considering that the Court balanced the severity of Movant's crimes with his background and acceptance of responsibility before sentencing him, Movant has not demonstrated that the outcome of the plea would have been different but for counsel's alleged failure to fix the alleged errors in the PSR.

Nor can Movant show that a decision to go to trial would have been rational. First, Movant does not attempt to, nor could he, show that he had any viable defense to counter the overwhelming evidence against him if he went to trial. Additionally, after his plea the Government argued for, and the Court entered, a below-guidelines sentence in part because Movant accepted responsibility and spared his daughter and her family from having to go through a trial. (*See* PSR ¶¶51-52); *Latimer II*, 828 F. App'x at 674. And had Movant proceeded to trial he could have received life

imprisonment instead of the twenty-five years to which he was sentenced. Under these circumstances, I cannot find that a rational person would have insisted on going to trial. Movant, therefore, also has failed to demonstrate prejudice. *See, e.g., Sierra v. Fla. Dep't of Corr.*, 657 F. App'x 849, 852 (11th Cir. 2016) (per curiam) ("With a video recording and no valid defenses, it would not have been rational for Sierra to have rejected the plea agreement and proceeded to trial."); *Diveroli v. United States*, 803 F.3d 1258, 1265 (11th Cir. 2015) (finding decision to proceed to trial would not have been rational where there was overwhelming evidence of guilt, the defendant had no valid affirmative defenses, and he faced a much higher potential sentence); *see also United States v. Miranda-Alfaro*, 462 F. App'x 935, 937 (11th Cir. 2012) (finding movant could not demonstrate prejudice because a rational person would not have rejected a plea where he received the "exceptional benefit" of lowering his sentence of imprisonment by eight years). Consequently, Movant has failed to demonstrate ineffective assistance of counsel, and he is not entitled to relief in connection with Ground Two.

    3.    <u>Grounds Three And Four Also Do Not State Claims For Relief.</u>

In Grounds Three and Four, Movant essentially challenges his sentence. Section 2255, however, "does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). And when a federal prisoner who is sentenced below the statutory

maximum complains of a sentencing error, he must prove he is actually innocent of his crimes or that a prior conviction was vacated; otherwise "the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." *Id.*; *see also Reed v. Farley*, 512 U.S. 339, 354 (1994) ("'[N]onconstitutional claims . . . can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'") (internal quotation marks and citations omitted).

Movant has not demonstrated that any alleged sentencing errors resulted in a miscarriage of justice. Indeed, as the Eleventh Circuit held, Movant's sentence is reasonable because it was below both the guidelines range and the statutory maximum. *Latimer II*, 828 F. App'x at 675. Although Movant attempts to minimize his crimes by arguing, *inter alia*, that he was sentenced because he possessed pictures of a "terrible mistake" that he made, that his crimes did not involve proof of forcible rape or sexual intercourse, that he was sentenced for sexual assault although he was not charged or convicted of that crime, and that his sentence was based on emotions and not facts, he does not, and could not, claim that he is actually innocent. (Doc. 75 at 7). Finally, as noted by the Eleventh Circuit, Movant has not demonstrated that his sentence is unreasonable "simply because [the Court] weighed the relevant factors in a way that led to the imposition of a sentence greater than the one he advocated." *Latimer II*, 828 F. App'x at 674. Movant's sentencing claims are not

cognizable under §2255, and he is not entitled to relief as to Grounds Three and Four.

## IV.  CONCLUSION

Based on the foregoing reasons, **IT IS RECOMMENDED** that John David Latimer's motion to vacate his sentence [Doc. 75] be **DENIED WITH PREJUDICE**.

## V.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing §2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. §2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the §2255 motion. *See id.* "The question is the debatability of the underlying constitutional

claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" my determination that Movant has not demonstrated that he received ineffective assistance of counsel and/or his sentencing claim is not cognizable under §2255. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be denied.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO RECOMMENDED** this 11th day of January, 2022.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE